In the Matter of the Arbitration between NADALEN FULL FASHION KNITTING MILLS, INC., Petitioner, and BARBIZON KNITWEAR CORPORATION, Respondent.

Supreme Court, Special Term, New York County, October 15, 1954.

*Harold Korzenik* for petitioner.

*David Rogers* for respondent.

MATTHEW M. LEVY, J.   Contrary to the claims of the respondent, there is no showing whatsoever that " the award was procured by corruption, fraud or other undue means ", or that there was " evident partiality or corruption in the " arbitrator, or that he was " guilty of misconduct   *   *   *   in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced," or that the arbitrator exceeded his " powers, or so imperfectly executed them, that a mutual, final and definite award upon the subject-matter submitted was not made " (Civ. Prac. Act, § 1462, subds. 1, 2, 3, 4).

The legal effect of the agreements between the parties was for the arbitrator, as was the method of examination of the merchandise and weighing of the conflicting testimony, lay and expert.   And, even if he were wrong, it is axiomatic that " The award of an arbitrator cannot be set aside for mere errors of judgment, either as to the law or as to the facts " (*Matter of Wilkins,* 169 N. Y. 494, 496).   " Where parties select an arbitrator to pass upon a controversy arising between them, his determination, both as to law and as to the facts, is not reviewable as though the matter were conducted according to the law of the land in a judicial court " (*Matter of Pine St. Realty Co.* [*Coutroulos*], 233 App. Div. 404, 407).

The respondent's claim that the arbitrator was biased and partial is without merit.   That he conducted the proceedings and the inspection in a way which one side or the other did not like is no ground for the charge of bias.   That he ruled that certain evidence was inadmissible under the submission agreement (as affected by the subsequent settlement) is no basis for the charge of partiality.   That he believed one witness and not another gives no warrant to the charge of prejudice.   It was the arbitrator's function to administer the hearings, to decide questions, to arrive at conclusions.   He should not be expected (any more than should a judge) to look — Janus-faced — in both directions at once.

The respondent also asserts that the arbitrator was not competent to act as such because of alleged present or prospective business connections with counsel for the petitioner.   The arbi-

trator is an impartial labor relations chairman in the industry in which the parties here are engaged in business, and the respondent urges that in consequence he must be dependent upon the good will of the attorneys for the petitioner who are also attorneys for the industry association. The contention is that the arbitrator should therefore now be held incompetent as a matter of law to have acted as such. Normal contacts between an impartial chairman and association counsel may be assumed, but that without more is no ground for disqualification. Nor can unfitness to act as the arbitrator be based upon the nebulous assumption that in the nature of things the arbitrator in the performance of his duties would be likely to seek to curry favor with counsel. Moreover, the record shows unmistakably that the arbitrator was selected by name by the parties themselves, with full knowledge of his relationship to the industry and of his professional intercourse with the attorneys for the petitioner in their capacity as counsel for the employers' association in that industry. (See *Matter of Jackson & Co. [Compania Gasoliba S. A.]*, 282 App. Div. 125, and cases cited therein.) A person is at liberty to select whom he likes as his arbitrator, and (once having made his choice — and certainly when he has proceeded to a hearing without complaint) he should in morals, in good faith and in law be estopped from questioning the competency of the arbitrator of his own choosing. I need not speculate on what the situation might be had there been no personal selection of the arbitrator or had this newly presented issue been submitted before the commencement of the hearings to the arbitrator himself or to the court upon recently discovered facts. In the present case, no complaint as to the arbitrator's alleged disqualification was presented until after the award. That, of course, would not deter the court from exercising the undoubted power of vacating the award and removing the arbitrator in the event that justice required it. But on the present state of the record there is no showing of lack of fitness, and there is nothing before me to warrant the conclusion that the arbitrator has not been fair, faithful, impartial and just (Civ. Prac. Act, § 1455).

The objections of the respondent are overruled. The motion by the petitioner for confirmation of the award is granted, and the cross motion of the respondent to vacate it is denied. Settle order.