Matthew M. Levy, J.
The motion in chief is to confirm an arbitration award and the cross motion is to vacate or modify and correct it.
The first issue is whether the arbitrators were guilty of misconduct in refusing to hear evidence pertinent and material to the controversy (Civ. Prac. Act, § 1462, subd. 3). There is a sharp dispute as to whether there was in fact any such exclusion and that cannot be resolved on these papers, except to say that it is presumed that the arbitrators did their duty and that the convincing evidence which must be submitted to establish their misconduct has not been here presented. Moreover, if there was the refusal as claimed, the evidence was not shown to be either pertinent or material, and it would seem to me, in the light of the facts that are presented, that that was an error of judgment on the part of the arbitrators, not subject to successful attack in a judicial proceeding (Matter of Nadalen Full Fashion Knitting Mills [Barbizon Knitwear Corp.], 206 Misc. 757, 758). The arbitrators’ decision not to admit the proffered evidence is one of law, and unless within the purview of subdivision 3 of section 1462 of the Civil Practice Act, it is not reviewable by the courts (Matter of Wilkins, 169 N. Y. 494, 496; Matter of Pine St. Realty Co. [Coutroulos], 233 App. Div. 404, 407). Mere refusal to receive evidence is not sufficient to yacate the evidence excluded must be shown to be clearly rele *393 vant to the disputed issue (Gervant v. New England Fire Ins. Co., 306 N. Y. 393, 400). The respondent has not made such a showing.
The second issue is whether there has been an ‘ ‘ evident miscalculation of figures ” which, under subdivision 1 of section 1462-a of the Civil Practice Act, would compel a modification or correction of the award. The papers fail to disclose any such evident miscalculation. Indeed, these alleged errors are based on presumptions of fact, such as, that as to a certain portion of the contract price, there was “ certainly * * * no overhead.” The arbitrators may properly have found to the contrary, and with such finding the settled law (requiring no citation of precedent) bids us rest content.
There is some complaint, made in paragraphs 14 and 15 of the respondent’s affidavit, that the arbitrators did not set forth the reasons for their award, and that the petitioner refused to join with the respondent in a request for such a rationale. This contention is altogether without merit. The language of the court in Matter of Shirley Silk Co. v. American Silk Mills (257 App. Div. 375, 377) is especially apropos: “ There is no authority which sanctions an inquisition of arbitrators for the purpose of determining the processes by which they arrived at an award. An arbitrator who is a quasi-judicial officer should not be called upon to give reasons for his decision.”
There are no other arguments advanced in favor of vacating the award. The motion to confirm the award is therefore granted, and the cross motion to vacate or modify is denied. Settle order.