Matthew M. Levy, J.
When this matter — a motion by Milliken to confirm, and a motion by Weber Knit to disaffirm, an arbitration award — came before me initially, a number of issues were raised by Weber Knit seeking to cast doubt upon the validity of the award in question. Among those issues was the claimed disqualification of two of the three arbitrators. That issue, in all of its facets, I directed to be heard at Trial Term, and I held ultimate determination of the motions in abeyance pending its resolution in that forum. A decision having been rendered by the trial court (Mr. Justice Spectob), to the effect that the contentions of Weber Knit as to disqualification were “ baseless and without merit”, the original motions are now presented to me for final disposition.
At the outset let me say that I shall not, although urged by Weber Knit to do so, review the decision of my learned colleague, nor undertake to determine whether a new hearing should be held. (Cf. Fried v. Lakeland Hide & Leather Co., 14 Misc 2d 305, 308.) If, as is claimed, error was committed by the trial court upon the hearing or in the result reached, or if additional circumstances (discovered for the first time at the hearing) require the disqualification of the arbitrators, such matters, in the event they are to be pressed, are not for me to resolve, but should, if counsel are so advised, be submitted to my learned colleague who presided at the trial.
Also, let me say that I deem myself empowered, notwithstanding Milliken’s urging to the contrary, to vacate the award if relevant facts are presented and justifiable bases exist therefor— aside from the matter of claimed disqualification. For all that was referred to Trial Term for disposition was the issue of the claimed disqualification of the arbitrators, and, in making *506 that direction, I did not denude myself of jurisdiction to pass upon any other grounds asserted for the disaffirmance of the award.
Weber Knit attacks the award, in that aspect of the case, because, it is claimed, the arbitrators improperly conducted the taking of proof. It is unnecessary to set forth the numerous objections raised in that respect. Suffice it to say that in the present context of the record — absent disqualification in limine or by virtue of proved bias or prejudice in the conduct of the proceedings (see Matter of Nadalen Mills [Barbizon Knitwear Corp.], 206 Misc. 757; Civ. Prac. Act, § 1462, subd. 2) —none of the objections requires the award to be vacated. I shall here discuss only those points most strenuously asserted by Weber Knit in its attack, and in doing so I want to make it clear that I have not overlooked any of its many other contentions.
First, Weber Knit contends that the arbitrators refused to consider pertinent and material evidence. Of course, if that were so, the award cannot stand (Civ. Prac. Act, § 1462, subd. 3). But the record upon which the objector relies fails, on the one hand, to show that the evidence in question was relevant, and, on the other, that there was refusal to receive it.
Rule 30 of the Commercial Arbitration Rules of the American Arbitration Association — which is one of the rules to which the parties agreed to be bound in this arbitration proceeding — provides that “ [w]hen the Arbitrator is authorized by law to subpoena witnesses or documents, he may do so upon his own initiative or upon the request of any party. The Arbitrator shall be the judge of the relevancy and materiality of the evidence offered and conformity to legal rules of evidence shall not be necessary.” In pursuance of this rule, and at the instance of Weber Knit, a subpoena duces tecum was issued by the arbitrators. Thereafter and during the course of the hearings the arbitrators refused to order the production of the books and records specified in the subpoena (cf. Matter of Re-Anne Mfg. Corp. [Rosenblatt], 1 Misc 2d 717). It is that ruling on which Weber Knit relies in urging that the award be nullified. I hold that the complaint is insufficient upon which to base the relief requested.
In my view, the issuance of the subpoena, without more, does not necessarily show that the documents subpoenaed are pertinent and material in the sense that the arbitrators’ refusal to require their production would invalidate a subsequent award. And it has not been otherwise shown that the records subpoenaed were relevant. It is elementary that ‘ ‘ [m] ere refusal to receive *507 evidence is not sufficient to vacate; the evidence excluded must be shown to be clearly relevant to the disputed issue ” (Matter of John Post Constr. Corp. [Good Humor Corp.], 9 Misc 2d 392, 393).
Moreover, as has been pointed out, there was no refusal to receive the evidence, for none was proffered. The distinction is well noted in the case of Matter of Juilliard & Co. [Baitch & Castaldi, Inc.] (2 Misc 2d 753). I quote from the opinion at some length. In confirming an award of arbitration and denying the motion to vacate it, the court said, at page 754: “ The first ground is based upon the arbitrators’ refusal to direct petitioner to produce certain records. Relevancy of these records was disputed and their production at the outset of the hearings refused until their relevancy was made to appear by the evidence. Evidently the arbitrators remained unconvinced as the hearing developed. * * The facts in issue were evidently fully explored by both sides, and the request for record production appears to be a matter within the discretion of the arbitrators in the same sense in which a trial justice is empowered to decide what records a party should be compelled to produce. This is not a refusal to hear pertinent evidence which a party offers for consideration to arbitrators, but simply a refusal to compel the adverse party to produce certain records which are not shown to be clearly relevant to the disputed issue. Adoption of respondent’s views would open the door to all kinds of motions to vacate awards based on refusal of arbitrators to grant procedural motions or production of an adversary’s records requested on the slightest pretext. Since awards may not be vacated even for fundamental errors of law or fact, they certainly should not be set aside for mere refusal to compel a party to produce records. It is misconduct, and not mistake of judgment, which permits the court to vacate an arbitration award, and, surely, that has not been shown here.”
Similarly, in the case at bar, even assuming that production of the records should have been enforced and the data obtained placed in evidence, the failure to do so ‘1 in the light of the facts * * * was [but] an error of judgment on the part of the arbitrators, not subject to successful attack in a judicial proceeding ” as a basis for impugning the award (Matter of John Post Constr. Corp. [Good Humor Corp.], 9 Misc 2d 392, 393, supra). Unlike the situation in Matter of Seedman [Lockrey] (1 A D 2d 656), a precedent strongly relied upon by Weber Knit, the arbitrators in the instant case ruled that it was not shown that the records subpoenaed were material. It is obvious, too, *508 that Weber Knit could have obtained the desired information, if it thought such data were needed and relevant, from other sources.
Second, Weber Knit grounds error upon the fact that, while Milliken, at the demand of Weber Knit, did produce a certain document, which was given to the arbitrators for their inspection, Weber Knit was not permitted to examine it on Milliken’s plea that it was irrelevant, immaterial and confidential. After reading the proposed exhibit, the arbitrators ruled it to be irrelevant and immaterial and rejected it as evidence, and, holding it to be confidential as to Milliken’s business affairs, refused to direct that Weber Knit be allowed to read it. Weber Knit’s claim is that this procedure constitutes a prejudicial irregularity compelling a vacatur of the award.
As an original proposition, I see no valid basis on the present record for attacking the award upon the ground here specified, and I have been cited (and have found) no authority in point to the contrary. If, as is axiomatic, an arbitral tribunal is not bound by the rules of evidence and procedure to which a court of law is subject, it seems clear to me that the tribunal is not to be required to conform to a more exacting modus opercmdi. During the trial of a case at law (nonjury as well as jury), it not infrequently occurs that one party' or the other will, upon demand of his adversary, produce for the judge’s perusal a document which it claims to be irrelevant and confidential, that the judge will examine it, rule it to be irrelevant, and, in view of its confidential character, not direct that inspection be permitted. Here, again, I have not been cited, and I have been unable to find, any authoritative case holding that procedure to be judicial error.
In any event, if the adversary proposes to press the issue, he asks the court to have the paper marked for identification, or that it be sealed and impounded, so that its relevancy might be the subject of ascertainment and determination on appeal. No stenographic minutes were taken of the hearings before the arbitrators in the case at bar, no effort has been made before me to identify the document, no proof has been presented as to its relevancy. On the state of the present record, therefore, this ground for vacatur must also fail.
Third, another complaint that Weber Knit has is that an affidavit which criticized the manufacturing procedures used by Weber Knit was offered in evidence by Milliken and, although objected to by Weber Knit on the ground that it should have an opportunity to cross-examine the affiant, the affidavit was read by the arbitrators. However, it appears that what really *509 occurred was that the arbitrators first examined the affidavit in order to decide whether it was admissible and, in a discussion which ensued, Milliken withdrew the affidavit, and, thereupon, Weber Knit objected to its being withdrawn, and then the arbitrators ruled that if Weber Knit wanted the affidavit in evidence it would have to offer it itself and this Weber Knit refused to do.
Rule 31 of the Arbitration Rules hereinbefore referred to provides: ‘1 The Arbitrator may receive and consider the evidence of witnesses by affidavit, but may give it only such weight as he deems it entitled to after consideration of any objections made to its admission.” Accordingly, it would seem that, under this rule, even though it was not so received, the affidavit could properly have been admitted in evidence. I hold that, on this record, neither the acceptance nor the refusal of the affidavit is fatal to the validity of the award.
All of the rulings objected to by Weber Knit were unanimously made by the arbitrators, concurred in both by the one arbitrator whose impartiality was not attacked and by the two who were claimed to be disqualified. It is clear that, in the light of the manner in which proceedings are permissibly conducted by arbitrators generally, and of the accepted rules of law as to the rulings arbitrators may make in respect of the admissibility or inadmissibility of evidence, no basis is presented here for vacatur. An arbitration award is not so fragile a determination as to be broken by the tap of a reed so slight. Accordingly, the motion of Weber Knit to disaffirm is denied, and the motion of Milliken to confirm is granted. The order presented by Milliken to that effect has been brought down to date and signed.