(November 19, 1963)

■ In the Matter of the Arbitration between KEMIKALIJA, IMPORT-EXPORT, Respondent, and ASSOCIATED METALS & MINERALS CORPORATION, Appellant.

*Per Curiam.* Appellant appeals from an order confirming an award in arbitration and from the judgment entered on the award. Petitioner, a Yugoslav corporation, initiated the arbitration to collect a bill for goods sold and delivered to appellant. There was no dispute as to petitioner's claim. Appellant sought to justify its failure to pay by a claim that petitioner had breached a contract with appellant giving appellant certain exclusive sales rights. After litigating the question of whether this counterclaim, arising out of another contract and not of itself the subject of an agreement to arbitrate, might be asserted in the arbitration proceedings, the parties finally came to agreement that it could. Appellant thereupon applied to the arbitrators to take depositions of certain witnesses in Yugoslavia and in Texas. The arbitrators ruled that before they would allow the issuance of commissions to take such depositions, appellant would have to submit some prima facie proof of the existence of such a contract. The arbitrators ruled that the evidence adduced to comply with this ruling was insufficient.

Appellant charges the arbitrators with misconduct. The misconduct charged is the refusal to hear pertinent testimony (Civ. Prac. Act, § 1462, subd. 3).

There was no refusal. The arbitrators took all of the testimony offered by respondent. The only tenable contention of the appellant is that the refusal to allow the depositions to issue constituted a failure to hear pertinent and material testimony. The validity of the contention would depend on whether appellant made a sufficient showing to warrant the taking of the depositions. Until it did so, the materiality and relevance of the proposed testimony would not be established. Appellant contends that the decision of this question is for the court rather than the arbitrators. That is not a precise statement. The situation is the same as regards the proffer of any evidence. The question is in the first instance for the arbitrators and only on a clear showing that the evidence is material does the exclusion become reviewable by the court (*Matter of John Post Constr. Corp. [Good Humor Corp.*], 9 Misc 2d 392, affd. 6 A D 2d 684). Here, there was no such showing.

The order and judgment should be affirmed.

Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ., concur.

Order and judgment unanimously affirmed, with costs to the respondent.