Karen White purchased a mobile home from Oxford Housing, Inc. As part of the purchase, White and Oxford Housing entered into an installment contract and a security agreement whereby White financed the purchase of the mobile home and pledged the home as security. The contract, which contained an arbitration clause, was signed by White and by Eric Barker, an agent of Oxford Housing. The installment contract named Green Tree Financial Corporation as the assignee.
White later sued Green Tree Agency, Inc. (a subsidiary of Green Tree Financial Corporation), Green Tree Financial Corporation, Oxford Housing, Inc., Eric Barker, and Wayne Barker[1]
(collectively the "defendants"), alleging fraud, negligence and/or *Page 1180 
wantonness, deceit, outrage, and breach of fiduciary duty.
The defendants moved to compel arbitration, and the trial court granted their motion. White filed a motion to "reconsider" the arbitration order. After filing this motion, White amended her complaint to allege that the defendants had fraudulently suppressed the fact that the contract contained an arbitration clause. The trial court directed White to make a more definite statement of her claim and stated that if she did not make a more definite statement it would deny her motion to reconsider. White filed another amended complaint that included a more definite statement; that statement alleged that she had been fraudulently induced to purchase the mobile home, in part, by the defendants' failure to disclose to her that the contract "contained language [by which] Plaintiff had waived her right to trial by jury [and that allowed the defendants] to compel Plaintiff to submit to arbitration while allowing Defendants to sue Plaintiff." The trial court set aside its order compelling arbitration. The defendants appealed.
The issue here is whether the arbitration clause is enforceable when White claims she was fraudulently induced into signing the contract that contains the clause. For the reasons discussed below, we hold that the arbitration clause is enforceable.
White claims that she was fraudulently induced into signing the contract because, she says, the defendants did not inform her that it contained an arbitration clause. On the front of the contract, the following statements appear: "NOTICE: SEE OTHER SIDE FOR ADDITIONAL TERMS AND CONDITIONS OF THIS CONTRACT" and "CAUTION — IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT." The back of the contract contained the arbitration clause. White does not claim that any representation was made to her regarding the arbitration clause. She merely contends that no one told her that it was included in the contract.
In Wilson v. Brown, 496 So.2d 756, 759 (Ala. 1986), this Court stated, "Silence is not actionable fraud absent a confidential relationship or some special circumstance imposing a duty to disclose." See also Cooper Co. v.Bryant, 440 So.2d 1016 (Ala. 1983). We do not believe the defendants had a fiduciary duty to disclose the presence of the arbitration clause. The statement on the front alerted White that she should read the entire contract. "[O]rdinarily when a competent adult, having the ability to read and understand an instrument, signs a contract, he will be held to be on notice of all the provisions contained in that contract and will be bound thereby." Power Equipment Co. v. First Alabama Bank,585 So.2d 1291, 1296 (Ala. 1991).
White also claims that she was fraudulently induced into signing the contract by certain representations concerning certain terms and conditions of the installment contract. If an arbitration clause is broad enough to encompass claims of fraud in the inducement, then those claims are subject to arbitration. See Prima Paint Corp. v. Flood Conklin Mfg. Co.,388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). The arbitration clause in White's contract reads, in part:
 "ARBITRATION. All disputes, claims, or controversies arising from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract, shall be resolved by binding arbitration. . . ."
This arbitration clause is broad enough to encompass White's claims of fraud in the inducement; therefore, those claims are subject to arbitration.
The trial court's order setting aside its order compelling arbitration is reversed.
REVERSED AND REMANDED.
HOOPER, C.J., and HOUSTON, SEE, and LYONS, JJ., concur.
ALMON, SHORES, KENNEDY, and COOK, JJ., dissent.
[1] The record is unclear whether Wayne Barker is an agent, an employee, or an owner of Oxford Housing, Inc.