730 So.2d 1171 (1999)
PATRICK HOME CENTER, INC.
v.
Brian W. KARR and Kristie Burleson Karr.
1971953.
Supreme Court of Alabama.
March 26, 1999.
Lily Arnold Green, Hamilton; and A. Stewart O'Bannon III of O'Bannon & O'Bannon, L.L.C., Florence, for appellant.
James K. Davis and Mark E. Hammitte of Fite, Davis, Atkinson, Guyton & Bentley, P.C., Hamilton, for appellees.
MADDOX, Justice.
The sole issue in this case is whether the trial judge erred in refusing to compel arbitration of the plaintiffs' claims arising out of their purchase of a mobile home.
On December 27, 1993, Brian Karr and his wife Kristie Karr purchased a 1994 Fleetwood double-wide mobile home from Patrick Home Center, Inc. ("Patrick Homes"). The terms of the purchase were incorporated into a final contract entitled "Manufactured Home Retail Installment Contract and Security Agreement." This contract was signed by *1172 the Karrs.[1] The contract contained the following provision:
"21. ARBITRATION: All disputes, claims, or controversies arising from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract, shall be resolved by binding arbitration...."
The Karrs allege that they began experiencing problems with their mobile home and that Patrick Homes failed to repair the problems. They sued Patrick Homes, claiming that Patrick Homes was liable for misrepresentation, breach of express and implied warranties, negligent and wanton manufacture, and negligent and wanton set-up of their home.
Patrick Homes moved to compel arbitration under paragraph 21 of the contract. The Karrs do not argue that the purchase of the mobile home did not involve interstate commerce. Neither do they argue that the arbitration provision is not broad enough to include their claims against Patrick Homes. They claim, instead, that they were fraudulently induced to sign the contract and that the contract was a contract of adhesion. The trial court, after hearing oral argument on the motion to compel arbitration, denied it. Patrick Homes appealed.
We first address this Court's power to entertain the appeal, and our scope of review. An appeal is the appropriate method for challenging a trial court's denial of a motion to compel arbitration. See A.G. Edwards & Sons, Inc. v. Clark, 558 So.2d 358, 360 (Ala.1990). This Court's review of a trial court's refusal to compel arbitration is de novo. See Ex parte Warrior Basin Gas Co., 512 So.2d 1364, 1368 (Ala.1987). This review is similar to that employed in the federal courts, where it has consistently been said that "[d]eterminations of arbitrability, like the interpretation of any contractual provision, are subject to de novo review." Republic of Nicaragua v. Standard Fruit Co., 937 F.2d 469, 474 (9th Cir.1991), cert. denied, 503 U.S. 919, 112 S.Ct. 1294, 117 L.Ed.2d 516 (1992). See, e.g., Collins & Aikman Products Co. v. Building Systems, Inc., 58 F.3d 16 (2d Cir.1995); Coors Brewing Co. v. Molson Breweries, 51 F.3d 1511 (10th Cir.1995); Tracer Research Corp. v. National Environmental Services Co., 42 F.3d 1292 (9th Cir. 1994); McMahan Securities Co. L.P. v. Forum Capital Markets L.P., 35 F.3d 82 (2d Cir.1994); Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc., 10 F.3d 753 (11th Cir. 1993); Luckie v. Smith Barney, Harris Upham & Co., 999 F.2d 509 (11th Cir.1993): Britton v. Co-op Banking Group, 4 F.3d 742 (9th Cir.1993); Saari v. Smith Barney, Harris Upham & Co., 968 F.2d 877 (9th Cir.), cert. denied, 506 U.S. 986, 113 S.Ct. 494, 121 L.Ed.2d 432 (1992); Storey v. Shearson Lehman Hutton, Inc., 949 F.2d 1039 (8th Cir. 1991); Catholic Diocese of Brownsville, Texas v. A.G. Edwards & Sons, Inc., 919 F.2d 1054 (5th Cir.1990); Paulson v. Dean Witter Reynolds, Inc., 905 F.2d 1251 (9th Cir.1990); Nordin v. Nutri/System, Inc., 897 F.2d 339 (8th Cir.1990); Drake Bakeries, Inc. v. Local 50, American Bakery & Confectionery Wrkrs. Int'l, 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474 (1962). In discussing the standard of review an appellate court should use in determining whether a trial court has correctly ruled on a question of law, this Court has held that "rulings on these motions do not fall within the trial court's discretionary function; thus, if alleged error is properly preserved and presented on appeal, these rulings are subject to de novo review, i.e., a review without any assumption of correctness." King Mines Resort, Inc. v. Malachi Mining & Minerals, Inc., 518 So.2d 714, 716 (Ala.1987). See Otis Elevator of Gadsden, Inc. v. Scott, 586 So.2d 200 (Ala.1991); see also Jim Burke Automotive, Inc. v. Beavers, 674 So.2d 1260, 1270-71 (Ala.1995) (Maddox, J., dissenting from order overruling application for rehearing). Based on these authorities, we conclude that we are to apply the de novo standard of review in a case like this one.
Patrick Homes argues that the trial court erred in denying its motion to compel *1173 arbitration because, it says, the Karrs presented no evidence to support their assertion that they were fraudulently induced to sign the contract and their assertion that the contract was a contract of adhesion. Patrick Homes also says the Karrs did not properly make these assertions in the trial court. The Karrs respond to this argument by saying that they were fraudulently induced to enter into the contract and the arbitration provision, and that disputes arising from an arbitration provision that one is fraudulently induced to sign are not subject to arbitration. The Karrs quote, in support of their argument, Prima Paint Corp. v. Flood & Conklin Mfg. Co. 388 U.S. 395, 403-04, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), in which the United States Supreme Court held:
"[I]f the claim is fraud in the inducement of the arbitration clause itselfan issue which goes to the `making' of the agreement to arbitratethe federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally."
Even assuming that in the trial court the Karrs properly made the argument that they were fraudulently induced to sign the installment contract, we conclude that their reliance on Prima Paint is misplaced because there is no evidence in the record, only the Karrs' mere assertion, to support the claim that they were fraudulently induced to accept the arbitration provision. The record clearly shows that the arbitration provision appeared in the text of the contract, i.e., that the arbitration provision was not separately executed, but was included as a provision of the contract they executed. Therefore, because the Karrs do not assert that the arbitration provision was distinguished from any of the other provisions in the contract, we hold that there is no merit in the Karrs' argument that they were fraudulently induced to accept the arbitration provision.
In Green Tree Agency, Inc. v. White, 719 So.2d 1179, 1180 (Ala.1998), we held that an arbitration provision identical to the one in this case was "broad enough to encompass... claims of fraud in the inducement" and, therefore, that "those claims are subject to arbitration." Accordingly, we hold that the Karrs' claim of fraudulent inducement as to the contract does not support the trial court's order refusing to compel arbitration.
The Karrs further argue that Northcom, Ltd. v. James, 694 So.2d 1329 (Ala.1997), supports the trial court's denial of the motion to compel arbitration. In Northcom, two Justices stated in dictum:
"[I]n a case involving a contract of adhesion, if it is not shown that the party in an inferior bargaining position had a meaningful choice of agreeing to arbitration or not, and if the superior party has reserved to itself the choice of arbitration or litigation, a court may deny the superior party's motion to compel arbitration based on the doctrines of mutuality of remedy and unconscionability."
Northcom, 694 So.2d at 1338. This Court later, however, expressly rejected the dictum in Northcom. See Ex parte Napier, 723 So.2d 49 (Ala.1998), and Ex parte McNaughton, 728 So.2d 592 (Ala.1998). In Ex parte McNaughton, we wrote:
"Upon further consideration, we reject this dictum from Northcom, merging the distinct doctrines of unconscionability and mutuality of remedy to strike down arbitration clauses. Arbitration is not inherently unconscionable.... When interpreting the FAA, the federal courts have concluded that, consistent with the federal policy strongly favoring arbitration, `there is nothing inherently unfair or oppressive about arbitration clauses.'... Thus, agreements to arbitrate are not in themselves unconscionable.
". . . .
"The doctrine of mutuality of remedy is limited to the availability of the ultimate redress for a wrong suffered by a plaintiff, not the means by which that ultimate redress is sought. A plaintiff does not seek as his ultimate redress an arbitration proceeding or a court proceeding. Instead, he seeks legal relief (e.g., damages) or equitable relief (e.g., specific performance) for his injury, and he uses the proceeding as a means to obtain that result."
*1174 723 So.2d at 50 (citations omitted). Based on the holding in McNaughton, we find no support for the Karrs' arguments that unconscionability or a lack of mutuality of remedies bars enforcement of the arbitration provision.
The Karrs next argue that they were unaware of what arbitration actually was and therefore they did not legally assent to the terms of the contract. In Green Tree Agency, Inc., however, this Court held that the defendant, a seller of mobile homes, did not have a fiduciary duty to tell the plaintiff, as a purchaser, that the contract contained an arbitration provision, because the document stated on the front that one should not sign it before reading it completely. Green Tree Agency, 719 So.2d at 1180. Similarly, the contract in the present case contained a provision on the front page notifying the Karrs that they should not sign the contract before they read it. This Court has held that "when a competent adult, having the ability to read and understand an instrument, signs a contract, he will be held to be on notice of all the provisions contained in that contract and will be bound thereby." Power Equipment Co. v. First Alabama Bank, 585 So.2d 1291, 1296 (Ala.1991). Consequently, the Karrs' argument concerning mutual assent is not well taken, because, based on the facts in this case, Patrick Homes had no legal duty or obligation to point out, or explain, the arbitration provision to the Karrs.
Finally, the Karrs argue that the contract is a contract of adhesion and therefore is not enforceable. The Karrs, however, provided no evidence, only their assertions, to support this argument. Therefore, we do not consider it.
We find in the record before us no legal reason for the trial court's order denying Patrick Homes' motion to compel arbitration. Therefore, we reverse that order, and we remand the cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and HOUSTON, SEE, and BROWN, JJ., concur.
LYONS and JOHNSTONE, JJ., concur specially.
KENNEDY and COOK, JJ., concur in the result.
LYONS, Justice (concurring specially).
The Karrs advance several arguments in support of their contention that the trial court properly denied Patrick Homes' motion to compel arbitration. In addition to those arguments discussed by the majority, the Karrs also argue that the contract containing the arbitration clause was unconscionable because, they say, they had no bargaining power that would have allowed them to negotiate with Patrick Homes, they had no meaningful choice in whether to accept the contract, the contract terms were unreasonably favorable to Patrick Homes, and they were not fully informed about the contract terms.
In Ex parte Napier, 723 So.2d 49 (Ala. 1998), we held that a court should refuse to enforce an arbitration agreement where the record supports a determination of unconscionability. In this case, however, the record would not support a determination of unconscionability, because the Karrs presented no evidence to support their arguments. Therefore, the Karrs have neither asserted nor proved the additional matters that this Court has recognized as material to a determination of unconscionability, such as "a refusal of [their] request for assistance after [they] had notified someone that [they were] unable to see or to understand; [their] inability to obtain the product made the basis of this action from this seller, or from another source, without having to sign an arbitration clause; the oppressiveness or unfairness of the mechanism of arbitration; or the fairness of a discount or other quid pro quo in exchange for [their] accepting an arbitration agreement." Id., 723 So.2d at 52 (footnote omitted).
Furthermore, as to the Karrs' argument that an arbitration provision that lacks mutuality of remedy is unconscionable, I note that we held in Ex parte Parker, 730 So.2d 168 (Ala.1999), that such an argument "has merit to the extent that the lack of mutuality of remedy can be one factor, along with others, that a court may consider in determining *1175 whether an arbitration clause is unconscionable." We added, "The lack of mutuality of remedy alone, however, is not sufficient to support a claim of unconscionability." 730 So.2d at 171.
The Karrs had the burden of proving that the arbitration clause was unconscionable. They presented no evidence to support a finding that it was. See Ex parte Napier and Ex parte Parker, in which this Court concluded that arbitration clauses identical to the one in the Karrs' contract were not unconscionable.
JOHNSTONE, Justice (concurring specially).
The arbitration agreement in this case shows on its face that the defendant-seller, which provided the form containing the agreement, preserves for itself the right to sue the buyers in court but limits the buyers to the forum of arbitration on any claims they may have. Such a provision is tantamount to an express acknowledgment by the seller that the arbitration forum is too unfit for the fair resolution of disputes to be entrusted with the seller's own claims against the buyers. A seller making such an acknowledgment should not be heard to assert that the very same unfit forum is fair enough for resolution of the buyers' claims. No one should be relegated to an unfit forum. See Gaer Bros., Inc. v. Mott, 144 Conn. 303, 130 A.2d 804 (1957); Bole v. Nationwide Ins. Co., 475 Pa. 187, 379 A.2d 1346 (1977); Nadalen Full Fashion Knitting Mills, Inc. v. Barbizon Knitwear Corp., 206 Misc. 757, 134 N.Y.S.2d 612 (N.Y.Sup.Ct.1954); Bernard v. Hemisphere Hotel Management, Inc., 16 Mass.App.Ct. 261, 450 N.E.2d 1084 (1983).
If the record in this case contained any evidentiary proof whatsoever either that the plaintiff-buyers did not understand the arbitration agreement or that the defendant had refused to sell the mobile home to the plaintiffs without their executing the arbitration agreement, I would vote to affirm the trial-court order denying the defendant-seller's motion to compel arbitration. The record, however, is devoid of any such proof. This court cannot speculate that the plaintiff-buyers did not knowingly, understandingly, and gladly execute the arbitration agreement for some peculiar reason. The law does not presume the absence of peculiar motivations.
NOTES
[1] At the time of this transaction, the Karrs were not married. Kristie Karr signed as "Kristie Burleson."