I respectfully dissent from the denial of the plaintiff-petitioner's petition for a writ of mandamus directing the trial judge to vacate his order compelling her to arbitrate *Page 871 
her claims.[8] My reasons are threefold.
First, I dissent for the reason stated by Justice Lyons in his dissent, which I join.
Second, the contract documents themselves constructively acknowledge arbitration to be an unfit forum, inasmuch as they reserve unto the dealership and its assigns the right to sue the plaintiff-petitioner in a court of law if she fails to make her car payments on time. We should not relegate the plaintiff-petitioner to an unfit forum. See my special concurrence in Patrick Home Center, Inc. v. Karr, 730 So.2d 1171
(Ala. 1999), and my dissent in Ex parte Smith, 736 So.2d 604 (Ala. 1999).
Third and finally, the plaintiff-petitioner bases one of her claims on the Magnuson-Moss Act, 15 U.S.C. § 2301 et seq., which saves the plaintiff-petitioner's right to litigate in court from the requirements of the Federal Arbitration Act. Wilson v. Waverlee Homes, Inc.,954 F. Supp. 1530, 1537-40 (M.D. Ala. 1997), aff'd, 127 F.3d 40 (11th Cir. 1997) (table); Southern Energy Homes, Inc. v. Lee,732 So.2d 994 (Ala. 1999). Thus, even absent Justice Lyons's concerns in his dissent and the constructive acknowledgement by the contract documents of the unfitness of arbitration as a forum, the claim under the Magnuson-Moss Act should not be relegated to arbitration. Id.
For the foregoing reasons, I respectfully submit that we should issue a writ of mandamus directing the trial judge to vacate his order granting the motions to compel arbitration.
[8] By historical development of the law, opposing parties must use different methods to obtain appellate review of trial court rulings on motions to compel arbitration. If the motion be denied, the movant may appeal. If the motion be granted, the dissatisfied party is relegated to a petition for writ of mandamus as the only method of review. Therefore, for this particular species of mandamus, a requirement that the petitioner, to prevail, must demonstrate an abuse of discretion by the trial judge would violate the Due Process Clauses of both the United States Constitution and the Alabama Constitution of 1901, the Equal Protection Clause of the United States Constitution, and the provisions of the Alabama Constitution in effect guaranteeing equal protection. Thus, in reviewing a trial court ruling on a motion to compel arbitration at the instance of either party, the standard of review should be simply whether the trial judge erred on a factual or legal issue to the substantial prejudice of the party seeking review. Of course, fact findings by the trial judge on any factual issues properly for the trial judge's determination would be accorded such presumptions of correctness as ordinarily attend the particular kind or kinds of fact findings.