COOK, Justice.
The defendant Liberty Finance, Inc., appeals from the denial of its motion to compel arbitration. We affirm.
The plaintiff Ethel Carson sued Liberty Finance, Inc., and CNL/Insurance America, Inc., alleging fraud in connection with a consumer loan she had obtained and insurance she had purchased in connection with the loan.[1] Her complaint alleged that she had negotiated a loan from Liberty Finance in the amount of $4,725.55, plus interest, and that she was required to purchase credit-life insurance and credit-disability insurance on the loan. The premium for the credit insurance was added to the loan balance and was included in the amount financed through Liberty Finance. The total amount paid over the 35-month period of the loan, including finance charges, was represented to the plaintiff to be $6,672.37. The plaintiff alleges that at *703 the same time, Liberty Finance, acting as agent of the defendant CNL, sold her automobile insurance on her 1986 Buick Park Avenue and her 1986 Oldsmobile Brougham; the automobiles were the collateral used for the loan. She alleges that Liberty Finance knew that the collateral was insured by another insurance company and that additional insurance would be of no benefit to her. The annual interest rate disclosed to the plaintiff was 23.84%.
The plaintiffs complaint contained counts alleging (1) the fraudulent sale of credit insurance and automobile insurance; (2) the fraudulent sale of excessive property insurance; (3) a fraud regarding the price of insurance; (4) a Mini-Code violation in regard to the sale of insurance; and (5) a civil conspiracy. The complaint also contained a request that the plaintiff be allowed to proceed as a class representative and contained a request for a declaratory judgment in regard to some class-action issues. Liberty Finance answered the complaint, asserting 60 defenses. It also moved to stay proceedings and to compel arbitration. The trial judge held a hearing on the motion to compel arbitration and denied it on the basis that the arbitration provision contained in Liberty Finance’s loan document was too narrow to embrace the plaintiffs claims, stating specifically “The fraud claims of plaintiff in the present case do not relate to any dispute, controversy, or claim arising out of or relating to any benefits or coverage or the breach thereof, but instead arise from the alleged requirement that plaintiff purchase unneeded insurance.” (Emphasis in original.) The order reads as follows:
“This case is before the court on a motion to compel arbitration filed by defendant, Liberty Finance, Inc.
“Plaintiff alleges in her complaint that she negotiated a loan with Liberty Finance and that at the time of the transaction, she was required to purchase credit life insurance and credit disability insurance on the loan. The premium for the credit insurance was added to the loan balance and included the amount financed by Liberty. Further, she alleges that Liberty also sold her automobile insurance on the two vehicles used as collateral for the loan and that these premiums were also added to the loan balance. Plaintiff further alleges that Liberty knew that the collateral was insured by a different insurance company and that the additional insurance was of no benefit to her but required her to purchase the insurance in order to obtain the loan.
“Plaintiff seeks to recover for fraud incident to the sale of the insurance, and also for a violation of the Mini-Code.
“The arbitration provision of the contract signed by plaintiff provides as follows:
“ ‘Any dispute, controversy or claim arising out of or relating to any benefits or coverage hereunder or the breach thereof, shall be settled by binding arbitration in accordance with the dispute resolution procedures for insurance claims of the American Arbitration Association and in accordance with the Federal Arbitration Act. The arbitration shall be held before an arbitrator appointed pursuant to the dispute resolution procedures for insurance claims. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. All statutes of limitation that would otherwise be applicable shall apply to any arbitration proceeding.
“ T (we): (1) have read; (2) understand; (3) received a copy of; and (4) accept the terms of the pre-dispute binding arbitration agreement which *704 covers the following as pertain to loan number 171813.’
“Defendant Liberty Finance asserts that the arbitration provision is broad enough to cover plaintiffs claims in this action. Plaintiff contends that the provision is narrow and limited to its scope and does not cover her claims.
“In a recent case addressing the application of an arbitration provision to claims of fraud in the inducement, the Alabama Supreme Court held that the arbitration clause was applicable because the agreement was ‘broadly worded ..., encompassing “all controversies which may arise ..., including but not limited to those involving any transaction or the construction, performance, or breach of this or any other agreement between [Merrill Lynch and Kil-gore] ....’” [Merrill Lynch, Pierce, Fenner & Smith v. Kilgore, 751 So.2d 8, 11-12 (Ala.1999) ].
“The wording of the arbitration clause in the contract now before the court is decidedly less broad, making reference only to disputes arising out of or relating to benefits or coverage or the breach thereof. There is no reference to ‘all controversies arising between the parties’ but only a reference to disputes of a specific nature.
“The arbitration language before the court is more akin to that addressed by the Alabama Supreme Court in American Bankers Life Assurance Co. v. Rice Acceptance Co., 709 So.2d 1188 (Ala.1998), in which the Court found [the clause] to be too narrow to embrace a claim of fraud in the inducement of the contract. The pertinent language before the Supreme Court in that case was as follows: ‘In the event of a dispute or disagreement between the parties as to the meaning or interpretation of this Agreement, or any portion thereof ... at [the] option of either party, the matter in dispute or disagreement may be put to arbitration.... ’
“The fraud claims of plaintiff in the present case do not relate to any dispute, controversy, or claim arising out of or relating to any benefits or coverage or the breach thereof, but instead arise from the alleged requirement that plaintiff purchase unneeded insurance. Fully cognizant of the policy favoring arbitration and that ambiguities as to the scope of arbitration clauses should be resolved in favor of arbitration, the court finds that the arbitration clause before the court is not susceptible of any reasonable interpretation that covers the asserted claim.
“Accordingly, IT IS ADJUDGED that the motion to compel arbitration is denied.
“DATED OCTOBER 19,1999.
7s/ Randall Cole
“Circuit Judge”
The trial judge found the arbitration language in the present case akin to that addressed by this Court in American Bankers Life Assurance Co. v. Rice Acceptance Co., 709 So.2d 1188 (Ala.1998). The arbitration clause in American Bankers provided:
“In the event of any dispute or disagreement between the parties as to the meaning or interpretation of this Agreement, or any portion thereof, which cannot be resolved by mutual agreement between the parties within thirty (30) days after such dispute or disagreement arises, then and in such event, and at the option of either party, the matter in dispute or disagreement may be put to arbitration in accordance with the rule[s] of the American Arbitration Association, and subject to applicable provisions of the statutes of the state in which the *705 customer is domiciled dealing with arbitration .... ”
Id. at 1189. In American Bankers, this Court affirmed the trial court’s denial of a motion to compel arbitration.- We determined that the arbitration clause was “clearly limited to the ‘meaning or interpretation’ of the contract.” Id. at 1191.
It is settled law that when an appellate court reviews on appeal a trial court’s denial of a motion to compel arbitration, the reviewing court applies a de novo standard of review. First Am. Title Ins. Corp. v. Silvernell, 744 So.2d 883, 886 (Ala.1999), citing Crimson Indus., Inc. v. Kirkland, 736 So.2d 597 (Ala.1999); Patrick Home Ctr., Inc. v. Karr, 730 So.2d 1171 (Ala.1999). Applying that standard of review, we conclude that the trial court properly denied Liberty Finance’s motion to compel arbitration.
Here, as in American Bankers, the arbitration clause has a very narrow coverage. The arbitration clause is limited to “[a]ny dispute, controversy or claim arising out of or relating to any benefits or coverage hereunder or the breach thereof.” It is clearly limited to disputes regarding the meaning or interpretation or breach of the agreement. Both the clause in American Bankers and the clause before us were written to address specific disputes, and they are not broad enough to encompass fraud claims. Resolution of the fraud claims presented in the instant case will not require an inquiry into the meaning of the loan document or the parties’ performance in regard to the terms of that document; thus, the fraud claims are not subject to the arbitration provision. Accordingly, we affirm the trial court’s order denying the motion to compel arbitration.
AFFIRMED.
HOUSTON, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ„ concur
HOOPER, C.J., and MADDOX and SEE, JJ., dissent.

. She also sued a number of fictitiously named defendants.