PER CURIAM.
Gloria Brown, the plaintiff in an action currently pending in the Autauga Circuit Court, petitions for a writ of mandamus directing the trial court to vacate and set aside its order requiring the plaintiff to arbitrate her claims against Homes of Legend, Inc. We deny the writ.
Brown purchased a mobile home from Homes of Legend in December 1997. Included in the sale was a warranty that contained an arbitration clause. After moving in, Brown experienced a number of problems with the home; she eventually sued Homes of Legend, claiming breach of warranty. Homes of Legend moved to compel arbitration. The trial court granted its motion, stating that, under the arbitration clause included within the warranty, this case should be submitted to arbitration. Brown petitions for a writ directing the trial court to set aside that order.
This Court has held that when the issue raised in a petition for the writ of mandamus is the correctness of a ruling on the question of arbitrability, that ruling is reviewed de novo. Ex parte Roberson, 749 So.2d 441, 446 (Ala.1999).
In accordance with our recent decision in Southern, Energy Homes, Inc. v. Ard, 772 So.2d 1131 (Ala.2000), we hold that the trial court properly compelled arbitration.
We reject Brown’s argument that the arbitration clause was an adhesion con *179 tract. See Med Center Cars, Inc. v. Smith, 727 So.2d 9 (Ala.1998); Ex parte Smith, 736 So.2d 604 (Ala.1999); and Jim Burke Automotive, Inc. v. Murphy, 739 So.2d 1084 (Ala.1999)
WRIT DENIED.
HOOPER, C.J., and MADDOX, SEE, LYONS, and BROWN, JJ., concur.
HOUSTON, COOK, JOHNSTONE, and ENGLAND, JJ., dissent.