HARWOOD, Justice
(dissenting).
I respectfully dissent. I was not a member of this Court when the original opinion in this case was issued on August 4, 2000. I agree with the dissenting opinion of then Chief Justice Hooper. I write further, however, to express my disagreement with the Court’s opinion of August 4, 2000, affirming the order of the trial court.
The arbitration provision in question, contained in a contract signed by the plaintiff, provides in pertinent part that “[a]ny dispute, controversy or claim arising out of or relating to any benefits or coverage hereunder or the breach thereof, shall be settled by binding arbitration.” See 793 So.2d at 703. Further, it concludes with the acknowledgment by plaintiff that, in pertinent part,
“I ... (1) HAVE READ; (2) UNDERSTAND; (3) RECEIVED A COPY OF; AND (4) ACCEPT THE TERMS OF THE PRE-DISPUTE BINDING ARBITRATION AGREEMENT WHICH COVERS THE FOLLOWING AS PERTAINS TO [PLAINTIFF’S LOAN FROM DEFENDANT]
“*LOAN CONTRACT AGREEMENT
“ *ANY AND ALL INSURANCES
“ *ANY ELECTIVE MEMBERSHIPS.”
(Emphasis supplied.)
Relying principally on its opinion in American Bankers Life Assurance Co. v. Rice Acceptance Co., 709 So.2d 1188 (Ala.1998), this Court held that this arbitration clause has a “very narrow coverage,” being “clearly limited to disputes regarding the meaning or interpretation or breach of the agreement.” 793 So.2d at 705. I disagree. The clause construed in American Bankers was indeed so limited, explicitly so, to-wit: “In the event of any dispute or disagreement between the parties as to the meaning or interpretation of this Agreement, or any portion thereof, ... the matter in dispute or disagreement may be put to arbitration.... ” 709 So.2d at 1189. (Emphasis supplied.)
I read the arbitration clause at issue in this case to be broader than that construed by this Court in American Bankers. Although the clause in American Bankers was restricted to any dispute or disagreement “as to” the “meaning or interpretation” of the agreement, the clause in the present case relates to any dispute, contro *707 versy, or claim “arising out of or relating to” any “benefits or coverage,” or to the breach thereof, and plaintiff specifically acknowledged her understanding that the clause “covers ... any and all insurances.” Contrary to the majority opinion, I cannot read this language as “clearly limit[ing]” the scope of the arbitration clause “to disputes regarding the meaning or interpretation or breach of the agreement.” 793 So.2d at 705. Under our caselaw, the phrase “arising out of or relating to” has a much broader reach. The clause in American Bankers did clearly limit its scope to disputes, etc., “as to the meaning or interpretation ” of the agreement, but the majority opinion simply states in conclusory fashion that the “scope” clause presented for interpretation and construction in this case is likewise “clearly” limited to disputes regarding “the meaning or interpretation,” as well as the “breach” of the agreement. This is an unwarranted transposition and extrapolation of the holding of American Bankers, which simply held that an arbitration clause that is expressly and explicitly limited to disputes or agreements concerning “the meaning or interpretation” of the agreement, is thereby indeed limited to the “meaning or interpretation” of the agreement. American Bankers, 709 So.2d at 1191. The clause at issue in this case nowhere uses the operative phrase “meaning or interpretation,” and yet this Court has attributed to it that very language, saying that “[i]t is clearly limited to disputes regarding the meaning or interpretation or breach of the agreement.” 793 So.2d at 705.
In Oakwood Acceptance Corp. v. Hobbs, 789 So.2d 847 (Ala.2001), this Court declared:
“In applying general Alabama rules of contract interpretation to the language of an arbitration agreement subject to the Federal Arbitration Act (‘FAA’), this Court must, in accordance with the federal substantive law on arbitration, resolve any ambiguities as to the scope of the arbitration agreement in favor of arbitration. See Moses H. Cone Mem’l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (§ 2 of the FAA ‘create[s] a body of federal substantive law of arbi-trability, applicable to any arbitration agreement within the coverage of the Act’ and ‘establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration’); Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) (in construing an arbitration agreement within the coverage of the FAA, ‘as with any other contract, the parties’ intentions control, but those intentions are generously construed as to issues of ar-bitrability’); Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 475, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989) (‘in applying general state-law principles of contract interpretation to the interpretation of an arbitration agreement within the scope of the Act, due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration’ (citation omitted)); see Homes of Legend, Inc. v. McCollough, 776 So.2d 741 (Ala.2000).”
789 So.2d at 852. See also, Birmingham News Co. v. Lynch, [Ms. 1992184, Feb. 23, 2001]-So.2d-(Ala.2001).
This Court is thus obligated to construe the particular phrase at issue so as to resolve ambiguities as to the scope of the arbitration clause in favor of arbitration. Construing the clause in that manner, I conclude that the fraud claims asserted by the plaintiff Carson assert disputes, controversies, or claims “arising out of or *708 relating to any benefits or coverage,” including “any and all insurances,” and, therefore, that those disputes, controversies, or claims are within the scope of the arbitration clause. As the majority opinion notes, the plaintiff is asserting “fraudulent sale of credit insurance and automobile insurance; ... the fraudulent sale of excessive property insurance; ... [and] a fraud regarding the price of insurance.” 793 So.2d at 703. How is it that these claims do not arise out of, or relate to, benefits under the loan agreement, including “any and all insurances”?