781 So.2d 178 (2000)
Ex parte Gloria J. BROWN.
(In re Gloria J. Brown v. Homes of Legend, Inc., et al.)
1981782.
Supreme Court of Alabama.
June 30, 2000.
Rehearing Overruled September 29, 2000.
G. Houston Howard II of Howard, Dunn, Howard & Howard, Wetumpka, for petitioner.
David L. Selby II and Michael L. Jackson of Wallace, Jordan, Ratliff & Brandt, L.L.C., Birmingham, for respondent Homes of Legend, Inc.
PER CURIAM.
Gloria Brown, the plaintiff in an action currently pending in the Autauga Circuit Court, petitions for a writ of mandamus directing the trial court to vacate and set aside its order requiring the plaintiff to arbitrate her claims against Homes of Legend, Inc. We deny the writ.
Brown purchased a mobile home from Homes of Legend in December 1997. Included in the sale was a warranty that contained an arbitration clause. After moving in, Brown experienced a number of problems with the home; she eventually sued Homes of Legend, claiming breach of warranty. Homes of Legend moved to compel arbitration. The trial court granted its motion, stating that, under the arbitration clause included within the warranty, this case should be submitted to arbitration. Brown petitions for a writ directing the trial court to set aside that order.
This Court has held that when the issue raised in a petition for the writ of mandamus is the correctness of a ruling on the question of arbitrability, that ruling is reviewed de novo. Ex parte Roberson, 749 So.2d 441, 446 (Ala.1999).
In accordance with our recent decision in Southern Energy Homes, Inc. v. Ard, 772 So.2d 1131 (Ala.2000), we hold that the trial court properly compelled arbitration.
We reject Brown's argument that the arbitration clause was an adhesion contract. *179 See Med Center Cars, Inc. v. Smith, 727 So.2d 9 (Ala.1998); Ex parte Smith, 736 So.2d 604 (Ala.1999); and Jim Burke Automotive, Inc. v. Murphy, 739 So.2d 1084 (Ala.1999)
WRIT DENIED.
HOOPER, C.J., and MADDOX, SEE, LYONS, and BROWN, JJ., concur.
HOUSTON, COOK, JOHNSTONE, and ENGLAND, JJ., dissent.
HOUSTON, Justice (dissenting).
See my special concurrence in Southern Energy Homes, Inc. v. Lee, 732 So.2d 994, 1000-04 (Ala.1999).
COOK, Justice (dissenting).
I dissent for the same reasons Justice Johnstone expressed in his dissenting opinion in Southern Energy Homes, Inc. v. Ard, 772 So.2d 1131 (Ala.2000).

On Application for Rehearing
PER CURIAM.
APPLICATION OVERRULED.
HOOPER, C.J., and MADDOX, LYONS, and BROWN, JJ., concur.
SEE, J., concurs specially.
HOUSTON, COOK, JOHNSTONE, and ENGLAND, JJ., dissent.
SEE, Justice (concurring specially).
I concur in the overruling of the application for rehearing. I would, however, modify this Court's original opinion (in which I concurred) to clarify that the arbitration compelled by the trial court is nonbinding.
In Homes of Legend, Inc. v. McCollough, 776 So.2d 741 (Ala.2000), this Court construed the same arbitration provision at issue in this case and held that it provided for nonbinding arbitration. Thus, based on this Court's decision in McCollough, the trial court properly granted Homes of Legend's motion to compel arbitration and ordered Brown to submit her claims to arbitration in accordance with the terms of the arbitration provision in Homes of Legend's written warranty. See id.; 9 U.S.C. § 4.
JOHNSTONE, Justice (dissenting).
I respectfully dissent for the reasons stated in my dissent in Southern Energy Homes, Inc. v. Ard, 772 So.2d 1131 (Ala. 2000).