788 So.2d 882 (2000)
SOUTHERN ENERGY HOMES, INC.
v.
Bobby McCRAY and Annie McCray.
1991435.
Supreme Court of Alabama.
December 1, 2000.
*883 John Martin Galese, Jeffrey L. Ingram, and David A. Norris of Galese & Ingram, P.C., Birmingham, for appellant.
Jeffrey C. Kirby of Pittman, Hooks, Dutton & Hollis, P.C., Birmingham, for appellees.
PER CURIAM.
Southern Energy Homes, Inc., appeals from an order denying its motion to compel the arbitration of claims presented in a putative class action commenced against it by Bobby McCray and Annie McCray. We reverse and remand.
This dispute began on August 12, 1996, when Bobby McCray and Annie McCray purchased a mobile home from Southland Quality Homes, Inc. ("Southland"), in Dothan. The home had been manufactured by Southern Energy Homes, Inc. ("Southern Energy"), at its Winston County plant. It was installed on the McCrays' property in Barbour County.
The McCrays sued Southern Energy and Southland, claiming to have "discovered defects in the mobile home." The McCrays also alleged that they had "repeatedly contacted the Defendants to fix, repair and/or replace the defects in the mobile home," but that the "Defendants... failed to correct [the] defects after proper notice [had] been repeatedly given." They alleged that the Defendants' "representatives, agents, servants and/or employees" made service calls to the home but that "numerous defects in the home... remain."
Southern Energy moved to compel arbitration of the McCrays' claims, on the basis of arbitration provisions contained (1) in a document entitled "Southern Energy Warranty Limited One Year/Five Year Warranty" (this document accompanied the mobile home when the McCrays took delivery of it) and (2) in a freestanding document executed by the McCrays and Southland at the time of the purchase. On March 21, 2000, the trial court, relying on Southern Energy Homes, Inc. v. Lee, 732 So.2d 994 (Ala.1999), overruled, Southern Energy Homes, Inc. v. Ard, 772 So.2d 1131 (Ala.2000), entered an order denying the motion to compel arbitration. Southern Energy appealed.
In support of the trial court's order, the McCrays contend that the transaction out of which their lawsuit arose, i.e., their purchase of the mobile home, did not involve interstate commerce. We disagree. An Alabama resident's purchase of a new mobile homeeven one manufactured in Alabamacan be a transaction that substantially affects interstate commerce, and the evidence indicates that the McCrays' purchase of their mobile home was such a transaction.[1]
The McCrays next urge this Court to overrule Ard, which, less than two months after the trial court had entered its *884 order denying the motion to compel arbitration, overruled Lee, on which the trial court relied. In Ard, we held that the Magnuson-Moss WarrantyFederal Trade Commission Improvement Act, 15 U.S.C. § 2301 et seq., does not "invalidate[ ] arbitration provisions in a written warranty issued by a manufacturer of consumer goods." Ard, at 1135. We decline to overrule that holding in Ard; therefore, Ard controls this case.[2]
Consequently, on the authority of Ard, the order denying arbitration is reversed, and this cause is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SEE, LYONS, and BROWN, JJ., concur.
HOUSTON, J., concurs specially.
COOK, JOHNSTONE, and ENGLAND, JJ., concur in part and dissent in part.
HOUSTON, Justice (concurring specially).
"For everything its season, and for every activity under heaven its time."[3]
Although I think Southern Energy Homes, Inc. v. Ard, 772 So.2d 1131 (Ala. 2000), was incorrectly decided, for the reasons stated in my dissents in that case, in Ex parte Brown, 781 So.2d 178 (Ala.2000), and Harold Allen's Mobile Home Factory Outlet v. Early, 776 So.2d 777 (Ala.2000), the Ard holding is the law; and it is time for me to recognize it as the law of the State of Alabama and to follow it. I concur.
COOK, Justice (concurring in part and dissenting in part).
I concur in the holding that this transaction substantially involves interstate commerce. However, I dissent from the holding that the Magnuson-Moss Warranty Federal Trade Commission Improvement Act, 15 U.S.C. § 2301 et seq., does not "invalidate[ ] arbitration provisions in a written warranty issued by a manufacturer of consumer goods." I dissent for the reasons expressed in the dissent I joined in Southern Energy Homes, Inc. v. Ard, 772 So.2d 1131 (Ala.2000) (Johnstone, J., dissenting).
JOHNSTONE and ENGLAND, JJ., concur.
NOTES
[1] By affidavit, Southern Energy showed the following facts:

"Southern Energy Homes, Inc. is a Delaware corporation. Its stock is publicly traded and held by citizens of many states. It manufactures homes at multiple manufacturing facilities in Alabama and in other states. The funds it uses to conduct its business operations, including the construction of the subject home, come from banking institutions located in multiple states. The homes which it manufactures, including the Plaintiffs' home, incorporate materials, including plumbing parts, electrical parts, aluminum products, steel products, appliances, wood products and fabrics, which it acquires from suppliers outside of Alabama, and from throughout the United States, which are shipped to the manufacturing plant in Winston County, Alabama, where the subject home was manufactured."
[2] This case is distinguishable from Southern Energy Homes, Inc. v. Hennis, 776 So.2d 105 (Ala.2000). Unlike the McCrays, the purchaser in Hennis did nothing to invoke Southern Energy's warranty provisions. Consequently, he manifested no assent to the warranty or to the arbitration provision contained therein.
[3] Ecclesiastes 3:1 (The New English Bible 1970).