HOUSTON, Justice.[1]
Homes of Legend, Inc., asks this Court to issue a writ of mandamus directing the trial court to vacate its order establishing a nonbinding arbitration procedure that incorporates certain requirements and provisions of the Magnuson-Moss Warranty— Federal Trade Commission Improvement Act (“the Magnuson-Moss Act”) and the Federal Trade Commission (“FTC”) regulations promulgated under the Magnuson-Moss Act. We deny the petition.
This is the second time that we have been asked to issue a writ of mandamus to the trial court in this civil action. The first time, we denied Gloria Brown’s request that we issue a writ directing the trial court to vacate its order granting Homes of Legend’s motion to compel arbitration:
“Gloria Brown, the plaintiff in an action currently pending in the Autauga Circuit Court, petitions for a writ of mandamus directing the trial court to vacate and set aside its order requiring the plaintiff to arbitrate her claims against Homes of Legend, Inc. We deny the writ.
“Brown purchased a mobile home from Homes of Legend in December 1997. Included in the sale was a warranty that contained an arbitration clause. After moving in, Brown experienced a number of problems with the home; she eventually sued Homes of Legend, claiming breach of warranty. Homes of Legend moved to compel arbitration. The trial court granted its motion, stating that, under the arbitration clause included within the warranty, this case should be submitted to arbitration. Brown petitions for a writ directing the trial court to set aside that order.
[[Image here]]
“In accordance with our recent decision in Southern Energy Homes, Inc. v. Ard, 772 So.2d 1131 (Ala.2000), we hold that the trial court properly compelled arbitration.
‘We reject Brown’s argument that the arbitration clause was an adhesion contract. See Med Center Cars, Inc. v. Smith, 727 So.2d 9 (Ala.1998); Ex parte Smith, 736 So.2d 604 (Ala.1999); and Jim Burke Automotive, Inc. v. Murphy, 739 So.2d 1084 (Ala.1999).”
Ex parte Brown, 781 So.2d 178, 178-79 (Ala.2000).[2]
After we issued our opinion in Ex parte Brown, the trial court entered an order establishing a procedure for nonbinding arbitration proposed by Homes of Legend.[3] However, in accordance with a mo *15 tion filed by Brown, the trial court later vacated that order and entered an order purporting to establish a nonbinding arbitration procedure “as provided by part 703 of title 16 of the Code of Federal Regulations.” The new order cited our decision in Homes of Legend, Inc. v. McCollough, 776 So.2d 741 (Ala.2000); in that case we held that Homes of Legend’s warranty (the same warranty as is involved here), provided for nonbinding arbitration in accordance with the regulations promulgated by the FTC pursuant to the Magnuson-Moss Act, because the parties had expressed an intent that the warranty comply with those regulations:
“We conclude that Homes of Legend’s written warranty provides for nonbinding arbitration. An ambiguity arises when the arbitration provision and the paragraph of the warranty expressing the parties’ intent are considered together. The arbitration provision incorporates by reference the Commercial Arbitration Rules of the American Arbitration Association. Under state-law principles of contract interpretation, parties may be bound by documents incorporated by reference. See Ex parte Dan Tucker Auto Sales, Inc., 718 So.2d [33] at 36 [ (Ala.1998) ]. The American Arbitration Association’s Commercial Arbitration Rules, a copy of which is contained in the record, provide for binding arbitration. Thus, under a plain reading, the limitation-of-remedies provision calls for binding arbitration.
“The paragraph on the second page of the warranty expresses the parties’ intent that the warranty comply with regulations promulgated by the Federal Trade Commission under authority of the Magnuson-Moss Act. That paragraph reads:
“ ‘This limited warranty is intended to comply with the requirements of the Magnuson-Moss Warranty Act, the regulations of the Federal Trade Commission issued thereunder, and any applicable State or local laws, rules or regulations. Any part of this warranty in conflict with any such law, rule or regulations shall be effective to the extent required thereby.’
“The FTC regulations promulgated under the Magnuson-Moss Act do not permit binding arbitration. See 16 C.F.R. § 700.8. Section 700.8 provides:
“ ‘A warrantor shall not indicate in any written warranty or service contract either directly or indirectly that the decision of the warrantor, service contractor, or any designated third party is final or binding in any dispute concerning the warranty or service contract.... Such [a] statement [is] deceptive since section 110(d) of the Act gives state and federal courts jurisdiction over suits for breach of war- * ranty and service contract.’
“Thus, under § 700.8, a warrantor, such as Homes of Legend, is prohibited from including in its written warranty a provision calling for binding arbitration of any dispute between it and a consumer, such as McCollough, concerning that warranty. The Magnuson-Moss Act, though, does provide for ‘informal dispute settlement mechanisms, ’ similar to arbitration, to resolve disputes between warrantors and consumers. 15 U.S.C. § 2310. The Magnuson-Moss Act permits a warrantor to ‘incorporate[ ] in a umtten warranty a requirement that the consumer resort to [an informal dispute-settlement mechanism] before pursuing any legal remedy’ under the Act against the warrantor, id. § 2310(a)(3), provided that the decisions reached through use of those mechanisms are not legally binding, see 16 C.F.R. § 703.5(j) (‘Decisions of the Mechanism *16 shall not be legally binding on any person.’).
“We find that the limitation-of-remedies provision and the paragraph on the second page of the warranty conflict. The limitation-of-remedies provision calls for binding arbitration, but the paragraph on the second page calls for compliance with FTC regulations, which expressly prohibit binding arbitration. Applicable federal law requires us to reconcile this inconsistency in favor of the arbitration provision, unless the latter clause ‘plainly expresses’ an intent to qualify the arbitration provision. We conclude that the second sentence in the paragraph quoted above from the second page of the warranty plainly expresses an intent on the part of these parties to qualify the arbitration provision. It specifically addresses the situation where a part of the warranty conflicts with a Magnusortr-Moss Act regulation. It provides that ‘[aJny part of this warranty in conflict with any such law, rule or regulations shall be effective to the extent required thereby.’ Thus, because the latter paragraph plainly qualifies the limitation-of-remedies provision, we resolve the conflict between the two provisions by concluding that they provide for nonbinding arbitration. We adopt this construction because it is the only reasonable construction that gives effect to both provisions and, thus, upholds, rather than destroys, the terms of the written warranty. This construction is also consistent with the liberal federal policy favoring the enforcement of arbitration agreements. Under the particular facts of this case, state-law rules of contract construction further, rather than impede, the purposes and policies of the FAA ‘to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms.’ Volt Information Sciences, Inc. [v. Board of Trustees of Leland Stanford Junior Univ.], 489 U.S. [468] at 478, 109 S.Ct. 1248, 103 L.Ed.2d 488 [(1989)].
“The arbitration provision conflicts with FTC regulations to the extent that provision requires binding arbitration. The FAA, however, does not require that an arbitration agreement provide for binding arbitration. See Wolsey, Ltd. v. Foodmaker, Inc., 144 F.3d 1205, 1209 (9th Cir.1998) (‘In light of the strong presumption in favor of arbitra-bility recognized in Moses H. Cone [Memorial Hospital v. Mercury Construction Corp. 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ], we hold that arbitration need not be binding in order to fall within the scope of the Federal Arbitration Act.’). On the other hand, the FTC regulations promulgated under the Magnuson-Moss Act do not prohibit all forms of arbitration, only binding arbitration. Thus, the two provisions can be read consistently with one another to express an intent to submit the parties’ claims to nonbinding arbitration.
“Accordingly, we hold that Homes of Legend is entitled to ‘an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.’ 9 U.S.C. § 4. Homes of Legend moved the trial court to stay the proceedings and to compel arbitration ‘pursuant to the terms and conditions of the ... arbitration agreement.’ The trial court erred in denying that motion. Therefore, we reverse the trial court’s order to the extent that it denied Homes of Legend’s motion to compel arbitration, and we remand this case for further proceedings consistent with this opinion.”
McCollough, 776 So.2d at 746-48 (footnotes omitted; emphasis added; emphasis omitted).
*17 The trial court’s order assumes that, in light of McCollough, the requirements of the Magnuson-Moss Act and the FTC regulations applicable to “informal dispute settlement mechanisms” (“IDSMs”), as described above, are applicable to the (nonbinding) arbitration procedure provided for in the Homes of Legend warranty where those requirements and regulations conflict with the warranty. Therefore, many of the particulars of the nonbinding arbitration procedure established by the trial court, including rules relating to expenses of the procedure, attorneys fees, time limits for rendering a decision, etc., are governed by the requirements of the Magnuson-Moss Act and the FTC regulations.
Homes of Legend argues that IDSMs are not arbitration procedures at all and therefore that the trial court effectively denied arbitration by basing its ruling on the requirements and regulations applicable to IDSMs. Homes of Legend argues that the trial court’s denial of arbitration violates our “mandate” handed down in Ex parte Brown,[4] and is not in accord with other decisions of this Court. It is on these bases that Homes of Legend seeks a writ of mandamus.
However, this Court has consistently held that the appropriate vehicle for the review of the denial of a motion to compel arbitration is an appeal.[5] See Blue Ribbon Homes Super Ctr. Inc. v. Bell, 821 So.2d 186 (Ala.2001) (“A direct appeal is the proper procedure by which to seek review of a trial court’s denial of a motion to compel arbitration.”) (citing Southern United Fire Ins. Co. v. Howard, 775 So.2d 156 (Ala.2000), and A. G. Edwards & Sons, Inc. v. Clark, 558 So.2d 358, 360 (Ala.1990)). Furthermore, because the extraordinary form of relief provided by a writ of mandamus requires proof of “the lack of another adequate remedy,” we have held (with a few exceptions not applicable here) that mandamus will not issue where relief can be sought by appeal. Ex parte L.S.B., 800 So.2d 574 (Ala.2001); see also Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000).
The initial question that must be addressed, therefore, is whether Homes of Legend can properly seek review, by a petition for a writ of mandamus. Homes of Legend argues that the trial court established an IDSM and that an IDSM is a procedure wholly distinct from an arbitration procedure. Interestingly, if that is true, then by establishing an IDSM the trial court denied Homes of Legend’s motion to compel arbitration. This conclusion would require us to deny the petition, because Homes of Legend’s proper remedy would be a direct appeal.
However, if an IDSM is a form of arbitration and regulations concerning IDSMs can properly be applied in this case, then the trial court did not “deny” Homes of Legend’s motion to compel arbitration. Instead, the trial court granted arbitration, but failed to compel arbitration in strict accordance with the terms of the arbitration agreement as Homes of Legend construes that agreement. In such a case, while mandamus would be the appropriate relief, see Southern Energy Homes Retail Corp. v. McCool, 814 So.2d 845 (Ala.2001), Homes of Legend would necessarily not be entitled to that relief because the trial *18 court would have' then acted appropriately in light of our decision in McCollottgh.
Therefore, we need not decide the issue whether IDSMs are equivalent to or wholly distinct from arbitration procedures. In this case, regardless of the answer to that question, Homes of Legend would not be entitled to a writ of mandamus.
PETITION DENIED.
SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
MOORE, C.J., concurs in the result.

. This case was originally assigned to another Justice on this Court; it was reassigned to Justice Houston on November 20, 2001.

. In his special writing concurring in the overruling of Brown’s application for rehearing, Justice See wrote:
"I concur in the overruling of the application for rehearing. I would, however, modify this Court's original opinion (in which I concurred) to clarify that the arbitration compelled by the trial court is nonbinding.
"In Homes of Legend, Inc. v. McCollough, 776 So.2d 741 (Ala.2000), this Court construed the same arbitration provision at issue in this case and held that it provided for nonbinding arbitration. Thus, based on this Court's decision in McCollough, the trial court properly granted Homes of Legend's motion to compel arbitration and ordered Brown to submit her claims to arbitration in accordance with the terms of the arbitration provision in Homes of Legend's written warranty. See id.; 9 U.S.C. § 4.”
Ex parte Brown, 781 So.2d at 179 (See, J., concurring specially in overruling application for rehearing).

.At all relevant times, Homes of Legend contended that it was entitled to binding arbitration. However, Homes of Legend provided the trial court with the procedure for nonbinding arbitration in the event that the trial court held that arbitration should be nonbinding.

. We note from the outset that there is no particular "mandate” in Ex parte Brown; rather, this Court merely denied Brown's petition as stated above.

. We note that under Rule 4(d) of the Alabama Rules of Appellate Procedure, adopted effective October 1, 2001, orders either granting or denying motions to compel arbitration are reviewed by direct appeal.