LYONS, Justice
(concurring in part and concurring in the result).
I agree with the conclusion in the main opinion that the first certified question should be rephrased. The main opinion posits the following rephrased question:
“Whether, under Alabama law, an in-demnitee may enforce an indemnification provision calling for the allocation of an obligation or damages based on the respective fault of the indemnitee and indemnitor?”
I would rephrase the question as follows:
“Whether Alabama public policy permits a contract providing for allocation of liability for damages between indemnitor and indemnitee where the loss results from the combined negligence of both parties ?”
In Homes of Legend, Inc. v. McCollough, 776 So.2d 741, 746 (Ala.2000), this Court stated: “[W]here there is a choice between a valid construction and an invalid construction the court has a duty to accept the construction that will uphold, rather than destroy, the contract.” An affirmative answer to the question as I have rephrased it will render the rule of construction in Homes of Legend inapplicable to the resolution of the issue pending before the United States Court of Appeals for the Eleventh Circuit arising from the two com *731 peting constructions of the contract, each of which the Eleventh Circuit has described as “reasonably plausible.” A negative answer would permit the ambiguity to be resolved by rejecting the alternative that would defeat validity of the contract as required by the rule of construction set forth in Homes of Legend.
The rationale of the main opinion in response to the question as rephrased therein applies fully to the question as I have rephrased it, and I concur in it. In other words, the question I have posed should also be answered in the affirmative.
I also concur fully in the response to the second certified question dealing with the consideration of facts beyond the pleadings.