COBB, Chief Justice
(dissenting).
I respectfully dissent. In my view, this is a close case. However, looking at the allegations of the complaint, as well as the claims asserted therein, I am not convinced that the trial court erred in determining that this is an action to enforce a provision or provisions of the purchase contract and that, therefore, the outbound forum-selection clause applied.
Generally speaking, when examining a contract, this Court looks to the substance of the document as a whole, giving the terms in the contract their ordinary, plain, and natural meaning unless a more narrow, technical definition is indicated.[3] In addition, complaints and other pleadings are not viewed critically but are generally viewed through a wider lens, looking to the substance in order to do substantial justice. See Rule 8(f), Ala. R. Civ. P. Thus, in determining whether Prasad Vankine-ni’s action is one “to enforce a provision ” of the purchase contract within the intended meaning of the outbound forum-selection clause in the contract, a trial court should consider all the provisions of the contract, and then compare those provi *764 sions to the substance of the allegations, the causes of action, and the requests for relief in the complaint.
Vankineni seeks to rescind the contract.[4] The purchase contract itself sets forth conditions under which the buyer may rescind the contract. For example, the purchase contract is “voidable by buyer within fifteen days after the date of receipt from the developer of any amendment which materially alters or modifies the offering in a manner that is adverse to the buyer.” The estimated completion date in the purchase contract for the condominium unit was October 15, 2006, but this date was “subject to amendment by Seller should Seller’s progress or plans be altered by 'conditions unforeseen by or outside the control of Seller, and any such amendment shall not require formal or specific notice by Seller to Buyer.” One of the foundational allegations of the complaint is that the condominium has not been “completed by the date set forth in the contract, to-wit: October 15, 2006,” and that Vankineni has therefore been deprived of the use and enjoyment of the unit since that time. The complaint asserts'that Santa Rosa has continually delayed (i.e., amended) the contracted-for date of completion, and this is one basis of Vankineni’s claim for rescission.[5]
*765 Vankineni’s claim for rescission is not specifically described as a “contractual” claim for rescission. Neither, however, does Vankineni state that he seeks rescission only as an equitable remedy; rather, the claim is one for “any”, relief “fit law or in equity” that would be available to Vankineni should he prove the averments of his claim for rescission. Therefore, I read the complaint as seeking the remedy of rescission under an equitable theory (per the rather weak averments of having been “misled”) or under any theory that would entitle Vankineni to relief “at law.” The allegations of the complaint, if proven, would be sufficient to support a claim for rescission under the term's of the contract. Thus, although Vankineni may be seeking noncontractual relief, he is also, at least in the alternative, seeking the remedy of rescission under “any” legal theory available — including enforcement of Vank-ineni’s legal rights under the express provisions of the purchase contract.
Further, in an express invocation of his contractual rights, in conjunction with his request for a declaratory judgment, Vanki-neni seeks not only a judgment as to the enforceability of the contract, but also “the Court’s judgment as to the validity, legitimacy and enforceability of the Contract, and as to his rights and obligations, as well as those of the interested parties, with respect to the Contract.” (Emphasis added.) When that count is fairly construed, it appears that Vankineni seeks a declaration of his contractual rights, including those available to him in the event that the purchase contract is rescinded or declared unenforceable. Moreover, in conjunction with his request for a declaratory judgment, Vankineni seeks an order “[ajward-ing Dr. Vankineni such other , and further relief, at law or equity, to which he may be entitled.” In the context of the allegations of the complaint, which include an allegation that the contract ivas not fulfilled, by the date contemplated in the purchase contract, this, too, could reasonably be considered a request for any relief due Vankineni at law pursuant to the contract.
In addition, other relief requested in the complaint is available under the rights and obligations stated in the purchase contract as being available in the event of an action such as this one. Paragraph 16(a) of the purchase contract states: “If Buyer properly terminates the contract pursuant to its terms ... all deposits shall be returned to the Buyer with interest.” The contract also states, in paragraph 38(f): “In the event of any litigation or arbitration concerning this transaction, the prevailing party shall be entitled to recover its reasonable costs and attorney’s fees, inclusive of Court costs and attorney’s fees incurred in any appellate proceeding.” In paragraph 34(b) of the complaint, in conjunction with his request for a declaratory judgment “as to [the] rights and obligations” of the parties “with respect to the contract,” Vankineni seeks an order “[Requiring Santa Rosa ... to.return to Dr. Vankineni all consideration flowing to [it] by virtue of the Contract including, without limitation, the cash deposit paid by Dr. Vankineni in January of 2005.” Similarly, *766 in conjunction with the claim for rescission, Vankineni states: “WHEREFORE, Dr. Vankineni prays the Court will enter an order rescinding the Contract and requiring Santa Rosa ... to restore to Dr. Vank-ineni all consideration flowing to [it] under the Contract, along with the costs of this action and any other relief at law or equity to which Dr. Vankineni may be entitled.”
Finally, I note that a reversal should be based on arguments supported in law. See Rule 28, Ala. R.App. P. Vankineni’s arguments for reversal are not compelling. As acknowledged on page 11 of Vankineni’s brief, the contract states that it “shall be construed, applied, and enforced in accordance with the laws of the State of Florida.” However, all Vankineni’s arguments seek to apply Alabama rules of contract construction to the forum-selection clause, with no acknowledgment of Florida law.
In short, I am not convinced that Vanki-neni’s claim for rescission or his request for a declaratory judgment can be resolved without resort to, and enforcement of, contractual provisions — not only those governing the date for completion and delivery of the condominium unit, but also those governing the right to rescind the contract, and the remedies specified in the purchase contract in the event of rescission by Vankineni on the ground that Santa Rosa failed to perform its contractual obligations. Therefore, I view Vankineni’s complaint as falling within the confines of the outbound forum-selection clause.
I am not convinced that the trial court erred in determining that this is an action to enforce one or more provisions of the purchase contract, or that the trial court erred in enforcing the outbound forum-selection clause. Accordingly, I respectfully dissent.

. Homes of Legend, Inc. v. McCollough, 776 So.2d 741, 746 (Ala.2000) ("Under general Alabama rules of contract interpretation, the intent of the contracting parties is discerned from the whole of the contract. Where there is no indication that the terms of the contract are used in a special or technical sense, they will be given their ordinary, plain, and natural meaning. If the court determines that the terms are unambiguous (susceptible of only one reasonable meaning), then the court will presume that the parties intended what they stated and will enforce the contract as written.” (citations omitted)).

. Fáctual averments stating that the condominium’unit was not completed by the contracted-for date are incorporated by reference in the portion of Vankineni’s complaint setting forth a claim for rescission. In full, the claim for rescission states:
"21. Dr. Vankineni adopts and incorporates by reference the averments of the preceding paragraphs, as if fully set forth herein.
"22. Dr. Vankineni was mis[led] by Santa Rosa ... regarding the nature of the interest in the Unit he was contracting to purchase, as well as the date on which said interest would be delivered.
"23. Santa Rosa has failed and refused to deliver the Unit, or any interest therein, to Dr. Vankineni for over three (3) years, yet it has had and continues to have the benefit of Dr. Vankineni’s cash deposit during that time. Within the fifteen (15) days preceding the date of the filing of this Complaint, [Debra] Cianof, who acted as a broker in the transaction,] has advised Dr. Vankineni of further delays in the completion of the Unit.
"24. Upon information and belief, if and when the Unit is completed, its value will be far less than the purchase price set forth in the Contract. Had the Unit been completed and delivered. as required by the Contract, Dr. Vankineni could have sold his interest therein at a profit or at a substantially higher price than the Unit will bring if and when completed. Worse still, even when the Unit is completed, the Development as a whole will remain substantially incomplete which, upon information and belief, will substantially limit the prospects for renting the Unit to third-parties. Forcing Dr. Vankineni to consummate the transaction contemplated by the Contract would require him to purchase the Unit at a greatly inflated price, and would inequitably force him to bear the burden of Santa Rosa's delay in completing the Unit.
"25. Dr. Vankineni’s hands are clean and he is prepared to do equity.
"26. On the basis of the foregoing, Dr. Vankineni hereby rescinds the Contract and is prepared to restore to Santa Rosa ... any and all interest in the Unit to which he is entitled, as well as any and all other consideration flowing to him pursuant to the Contract.
"WHEREFORE, Dr. Vankineni prays the Court will enter an Order rescinding the Contract and requiring Santa Rosa and/or Fictitious Defendants A-C to restore to Dr. Vankineni all consideration flowing to them under the Contract, along with the costs of this action and any other relief at law or equity to which Dr. Vankineni may be entitled.”

. As the majority points out, Vankineni alleges, among other factual allegations, that he was "misled" as to the date the unit would be finished. 57 So.3d at 762 n. 1. However, the only allegedly "misleading” statement as to the date of completion referenced in the complaint is the completion date stated in the *765 purchase contract. See Rule 9(b), Ala. R. Civ. P. ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.”). In addition, I recognize, as the majority points out in note 1 of this Court's opinion, that Vankineni, a medical doctor, also alleges that he is entitled to rescission because he was orally "misled” regarding the nature of his interest in the unit; he says he believed that he was entering into a contract for an "ownership” interest in the condominium unit, but, since signing the written contract, he has discovered that the purchase contract conveys only a "leasehold” interest. In my view, these averments do not negate the fact that, with his claim for rescission, Vankineni seeks relief available "at law” as well as in equity.